**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MED EXPRESS, | ) | CASE NO. 1:12-cv-2146 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | NANCY A. VECCHIARELLI |
| | ) | |
| UPS GROUND FREIGHT, INC., | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |

This case is before the undersigned United States Magistrate Judge upon the

consent of the parties.  (Doc. No. 7.)  Before the Court is the motion to dismiss the

complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by

Defendant UPS Ground Freight ("UPS").  (Doc. No. 5.)  Plaintiff Med Express has not

filed any opposition to the motion to dismiss.  For the reasons set forth below, UPS's

motion is GRANTED and the complaint is DISMISSED without prejudice.

## I.  PROCEDURAL BACKGROUND

In July 2012, Med Express filed in state court a complaint against UPS, alleging state law claims for negligence, breach of contract, and promissory estoppel.  (Doc. No. 1-1.)  The complaint alleged that, in January 2012, Med Express paid UPS to ship merchandise from Ohio  to customers in Florida, New York and Texas, and that, due to UPS's negligence, the merchandise was damaged during transit.  (*Id*.)  Med Express also alleged that UPS wrongfully refused to pay Med Express's claims for the damaged merchandise, submitted to UPS under the terms of an insurance policy Med Express had purchased from UPS.  (*Id*.)  In August 2012, UPS removed the action to this Court. (Doc. No. 1.)  Thereafter, UPS filed a motion to dismiss Med Express's complaint pursuant to Rule 12(b)(6).  (Doc. No. 5.)

On September 5, 2012, after discussion with the parties during a telephone conference, during which Med Express's counsel recognized the deficiencies in the complaint, this Court directed Med Express to file a motion for leave to amend and an amended complaint on or before September 19, 2012.  (Doc. No. 8.)  Med Express failed to do so.  On September 25, 2012, this Court issued an order directing Med Express, by October 1, 2012, to file either a motion for leave to amend its complaint and an amended complaint or opposition to UPS's pending motion to dismiss.  (Doc. No. 10.)  To date, Med Express has not complied with this Court's orders.

## II.  LAW & ANALYSIS

### A.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of a

2

complaint where it fails to state a claim upon which relief can be granted.  In deciding a Rule 12(b)(6) motion, a court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).  A court must grant the motion where the plaintiff "undoubtedly can prove no set of facts in support of [its] claim that would entitle [it] to relief."  *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990).

### B.  Application of Standard

UPS argues that Med Express can state no claim entitling it to relief in this matter because the state law claims set forth in the complaint are preempted by the Carmack Amendment, 49 U.S.C. § 14706 ("Amendment").  As noted by the Supreme Court in *Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1913), the Amendment "embraces the subject of the liability of the [interstate] carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation or contract."  It is well established that the Amendment provides the exclusive remedy for an action for damages against an interstate carrier, and, thus, that the Amendment preempts state law causes of action arising out of damages to goods shipped by an interstate carrier under lawful bills of lading.  *See, e.g., W.D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 423-24 (6th Cir. 1972) (finding that the district court erred in failing to dismiss common law claims against common carrier defendants because they were preempted by the Amendment); *Jackson v. Brook Ledge, Inc.*, 991 F. Supp. 640, 644 (E.D. Ky. 1997) ("[T]he Carmack Amendment provides the exclusive remedy for an action for

3

damages against a delivering carrier.").  Courts have applied the Amendment to preempt a wide array of state law claims, including "fraud, tort, intentional and negligent infliction of emotional distress, *breach of contract*, breach of implied warranty and state deceptive practices acts." *Automated Window Mach., Inc. v. McKay Ins. Agency, Inc.,* 320 F. Supp. 2d 619, 620 (N.D. Ohio 2004) (emphasis added).

Here, Med Express seeks recovery under state common law theories for damages arising out of the interstate transport of its products by UPS.  The cases cited by UPS and discussed herein establish that these claims are preempted by the Amendment.  Accordingly, Med Express's complaint fails to state a claim upon which relief may be granted.

### III.  CONCLUSION

For the foregoing reasons, UPS's motion to dismiss the complaint pursuant to Rule 12(b)(6) is GRANTED and Med Express's complaint is DISMISSED without prejudice.


**IT IS SO ORDERED**.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: October 2, 2012

4